
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIONG CAO,<br><br>               Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 09-74086<br><br>Agency No. A095-305-571<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2013
Pasadena, California

Before: NOONAN and WATFORD, Circuit Judges, and SMITH, Chief District
Judge.[**]

Petitioner Xiong Cao is a practitioner of Zhong Gong, a religious movement

banned by the Chinese government. In 2001, he was arrested by Chinese officials

for practicing Zhong Gong at the home of a neighbor, taken to a local security

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable William E. Smith, Chief District Judge for the U.S.
District Court for the District of Rhode Island, sitting by designation.

station, held for two days, interrogated, and beaten. After applying for asylum, withholding of removal, and protection under the Convention Against Torture, an Immigration Judge ("IJ") found Petitioner not credible and rejected his application on that basis. Petitioner seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the IJ's decision. We find that the BIA erred in finding Petitioner not credible, and we grant the petition for review so that Petitioner's application may be considered on its merits.

Where, as here, the BIA reviewed the IJ's decision for clear error, we look to the IJ's decision as a guide to the BIA's decision. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). The adverse credibility finding is one of fact and is reviewed under the substantial evidence test. *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). We are to uphold the adverse credibility finding so long as one of the identified grounds is supported by substantial evidence and goes to the heart of the claim of persecution. *Id*. Logically, major inconsistencies on issues material to the claim of persecution constitute substantial evidence. *Id*. at 1088. However, there are two qualifications. First, minor inconsistencies regarding non-material details (including specific dates) that lack a close nexus to the petitioner's asserted grounds of persecution cannot form the exclusive basis for an adverse credibility finding, unless, when considered collectively, they deprive the claim of the

requisite "ring of truth." *Id*. (citing *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007)). Second, the IJ cannot base an adverse credibility finding on a contradiction that the petitioner could reconcile if given a chance to do so. *Id*.

The IJ based his adverse credibility finding on a series of perceived discrepancies between Petitioner's written asylum application statement and his oral testimony, as well as on Petitioner's confusion regarding the date of his arrest. We find that these "discrepancies" are, at worst, omissions resulting from the fact that Petitioner was not adequately questioned on the relevant subjects during his hearing. And, we find that Petitioner's confusion regarding the date of arrest was nothing more than an immaterial slip of the tongue. Whether considered individually or collectively, these bases do not provide substantial evidence supporting an adverse credibility finding.

1. Date of Arrest

The IJ attached specific import to a misstatement by Petitioner during his testimony in which he claimed that he was arrested in February 2001. The actual arrest date was in April 2001, and Petitioner later corrected his misstatement, asked forgiveness from the IJ, and explained that (not unreasonably) he was nervous about testifying in court. This minor error in recalling a date has no bearing on Petitioner's credibility, particularly in light of the fact that the specific date of

Petitioner's arrest does not bear a close nexus to his claim for relief. *See Rizk*, 629 F.3d at 1088; *see also Quan v. Gonzalez*, 428 F.3d 883, 887 (9th Cir. 2005) ("[M]inor discrepancies in dates that . . . cannot be viewed as attempts by the applicant to enhance h[er] claims of persecution have no bearing on credibility." (alterations in original) (internal quotation marks omitted)).  What is more, we note that Petitioner's misstatement stands in stark contrast to the remainder of his testimony, which was fully forthcoming and managed to recall specific details of his arrest and subsequent mistreatment.

2.      Whether Petitioner Signed a Confession

The IJ saw a discrepancy between Petitioner's written application statement in which he wrote that "[Chinese officials] forced me to confess that our illegal gathering purposed to overthrow the government" and his oral testimony in which Petitioner responded to a question from his attorney as to whether he had made an "honest confession" by indicating that he had not.  Petitioner's denial of having made a confession seems to have been the result of confusion resulting from a poorly worded and open-ended question posed by his attorney and Petitioner's belief that any confession that he signed was not "honest."  Supporting this conclusion, Petitioner testified that shortly after he refused to make an "honest" confession, Chinese authorities brutally beat him.

Petitioner was never asked about the contents of his confession, nor about whether he had been required to admit to attempting to overthrow the government. Indeed, an adverse credibility finding is improper when based on questions that were not asked during the hearing. *See Hoque v. Ashcroft*, 367 F.3d 1190, 1196 (9th Cir. 2004) ("[Petitioner] was never asked whether he went into hiding during this time period. Nor was he asked . . . about all of the occasions on which he hid from the Awami League. [His] failure to testify about these occasions of temporary hiding does not make his testimony inconsistent with that of his wife." (emphasis omitted)). Under these circumstances, it was improper for the IJ to base his adverse credibility finding, in whole or in part, on this perceived discrepancy.

3.      Physical Abuse During Interrogation

The BIA discredited Petitioner's testimony based on the fact that his written statement described having been forced into a squatting position and being threatened with a beating if he moved, while his oral testimony described two separate interrogation sessions. As an initial matter, the basing of an adverse credibility finding on these grounds is curious, as arguably there is no conflict between the written statement and Petitioner's testimony. Petitioner wrote that "[t]hey forced me to squat on the floor without any movement. As long as I moved

a little bit, they came to beat me up." During his testimony, Petitioner stated similarly that "[t]hen they told me to squat like to keep in a squatting position."

When asked by the IJ to clarify this issue, Petitioner explained that his written statement had not mentioned the number of interrogations. Petitioner stated, "I wrote a brief, briefly in the case." Petitioner's explanation seems to have been that his written statement was meant to describe generally the circumstances surrounding his arrest. In making the adverse credibility determination, however, the IJ apparently did not credit this explanation, but failed to explain why. *See Singh v. Gonzalez*, 439 F.3d 1100, 1106 (9th Cir. 2006) ("[A]n adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency." (internal quotation marks omitted)).

The IJ's basing an adverse credibility finding on this issue, where there was (a) no apparent discrepancy between the written statement and Petitioner's testimony, and (b) a proffered explanation for any perceived discrepancy, is puzzling. Short of parroting verbatim the contents of his written statement, it is difficult to imagine how Petitioner could have been more consistent.

4.      Requirement to Turn Over Other Zhong Gong Members

In Petitioner's written application statement, he wrote that "[Chinese officials] also asked me to sign a confession sheet and hand over other practicing

members." The IJ based the adverse credibility finding, in part, on the fact that Petitioner did not testify as to this event during the hearing. However, this overlooks the fact that at no point during the hearing was Petitioner asked questions on this topic. *See Hoque*, 367 F.3d at 1196. As such, it was error to base the adverse credibility finding on this perceived discrepancy.

**PETITION FOR REVIEW GRANTED**.